### PENNSYLVANIA R. CO. v. PRICE.

(Circuit Court of Appeals, Third Circuit. April 9, 1917.)

No. 2208.

RAILROADS ☞222(1)—INJURIES FROM OPERATION—LIABILITY.

Where a railroad company, which elevated its tracks, placed the foundation of such elevated tracks against the foundation of plaintiff's house, and by reason thereof the vibrations made by the trains caused the walls of plaintiff's premises to crack open, the railroad company is not liable; it not appearing that its foundations were improperly constructed or extended beyond its right of way, or that its trains were carelessly operated.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 720.]

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Action by George C. Price against the Pennsylvania Railroad Com-

pany. There was a judgment for plaintiff, and defendant brings error. Reversed.

Thomas L. Gaskill and Gaskill & Gaskill, all of Camden, N. J., for plaintiff in error.

Ethan P. Wescott and Wescott & Weaver, all of Camden, N. J., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case, originally brought in a state court and thence removed on the ground of diversity of citizenship, George C. Price, a citizen of New Jersey, sued the Pennsylvania Railroad, a corporate citizen of Pennsylvania, to recover damages for injury alleged to have been done to a house adjoining the elevated tracks of said railroad in the city of Camden. The case was tried, and resulted in a verdict for the plaintiff. On entry of judgment thereon, the defendant sued out this writ, assigning for error the court's refusal to give binding instructions in its favor.

The plaintiff's statement of claim sets forth that plaintiff was the owner of a house and lot in Camden, that defendant constructed an elevated railroad adjoining such house, that it placed the foundation of such elevated track against the foundation of the plaintiff's house, and "that because of the circumstances hereinabove set forth, the vibrations made by trains, operated by the defendant over said tracks, have caused the walls of the above-described property to crack open," etc.

There is no proof that the foundations of the elevated tracks were not properly constructed, that they extended beyond the line of the railroad's right of way, or that its trains were carelessly operated. The question involved, therefore, is whether the railroad is liable for the vibration incident to the proper use of trains on proper foundations built on its own right of way, for into that question the case revolved itself under the pleadings and proof.

The holdings of this court in Roman Catholic Church v. Pennsylvania Railroad Co., 207 Fed. 897, 125 C. C. A. 629, L. R. A. 1915E, 623, which followed Beseman v. Pennsylvania Railroad Co., 50 N. J. Law, 235, 13 Atl. 164, answer that question in the negative, and as there was no evidence whatever that the railroad was doing anything else than properly operating its trains over proper appliances located on its own property, it follows there was no ground for submitting to the jury a question of the railroad's negligence.

The judgment below will therefore be reversed.